UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

SERGEY APIONISHEV,

        Plaintiff,

- against -

COLUMBIA UNIVERSITY AND DR.
DANIEL KALDERON,

        Defendants.

------------------------------------------------------- X

**ORDER**

10 Civ. 7742 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    Pro se plaintiff Dr. Sergey Apionishev has filed an application for appointment of counsel. For the reasons that follow, the application is denied.

## I.    LEGAL STANDARD

    In *Hodge v. Police Officers*, the Second Circuit set forth the factors a district court should consider in deciding whether to grant an indigent pro se plaintiff's request for appointment of counsel.[1] As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance."[2]

---

[1]    802 F.2d 58, 61-62 (2d Cir. 1986).

[2]    *Id.* at 61.

If the plaintiff satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[3]

In considering these factors, district courts should neither apply bright-line rules nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[4] Indeed, none of these factors should be considered controlling in a particular case.[5] "Each case must be decided on its own facts."[6][7]

## II.  DISCUSSION

On October 5, 2010, Apionishev's request to proceed *in forma pauperis* was granted.[8] Therefore, I find that he qualifies as indigent under *Hodge*.

Apionishev asserts federal, state, and city discrimination claims, as

---

[3]  *Id.* at 61-62.

[4]  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[5]  *Hodge*, 802 F.2d at 61.

[6]  *Id.*

[7]  *Id.*

[8]  *See* Civil Docket Sheet, Document No. 1.

well as a variety of common law claims, against his former employer Columbia University ("Columbia") and his former supervisor Dr. Daniel Kalderon ("Dr. Kalderon). Apionishev worked in Dr. Kalderon's laboratory at Columbia as a Ph.D. Postdoctoral Associate Research Scientist from October 1, 1999 to September 30, 2004.[9] During the course of his employment, Apionishev asserts that he was "harassed on several occasions and . . . treated badly [by Dr. Kalderon] because [he] was Russian," gay, and HIV-positive.[10] He also alleges that Columbia did not respond to his complaints, and that "[i]f Columbia University acted promptly none of [his] injuries and damages would have taken place."[11]

Apionishev alleges that, following the termination of his employment, Columbia and Dr. Kalderon retaliated against him by sending negative recommendation letters and otherwise providing negative references to prospective employers through at least July 2009.[12] Apionishev asserts that the content of these letters and the substance of these references precluded him from finding alternative scientific employment.[13] Because Apionishev's Complaint does not offer any

---

[9]  See Complaint ("Compl.") at 1-2.

[10] Id. at 1-2.

[11] Id. at 2.

[12] See id. at 3.

[13] See id.

specific facts to corroborate his conclusory assertions of discrimination, retaliation, and common law torts, I find that his claim is not likely to be of substance and his chances of success are extremely slim. Moreover, it is likely that most of Apionishev's claims will not be able to proceed on statute of limitations grounds.[14]

Even if Apionishev's claim had some merit, I do not find that the other *Hodge* factors weigh in favor of appointing counsel. The essential facts of the case do not appear to be in dispute, and the legal issues are straightforward. At this time, it does not appear that conflicting evidence requiring extensive cross-examination will be the major form of proof presented. Moreover, as a doctor with "exceptional skills and abilities to perform molecular biological research in Cancer Biology and Genetics"[15] — and as evidenced by his Complaint — Apionishev has the ability to present the case and investigate facts on his own behalf. Lastly, there is no special reason why the appointment of counsel would be more likely to lead to a just determination in this case.

## III. CONCLUSION

---

[14] Apionishev asserts substantially similar claims here as he does in a related action against Columbia, 09 Civ. 6471, which arises from the same events. In an Opinion issued on March 25, 2011, I granted Columbia's motion for judgment on the pleadings on most of plaintiff's claims, primarily because the claims were time-barred.

[15] Compl. at 1.

For the foregoing reasons, Apionishev's application for the appointment of counsel is denied without prejudice. The Clerk of the Court is directed to close this application [Docket No. 23].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   March 25, 2011
         New York, New York

## - Appearances -

**Plaintiff (Pro Se):**

Sergey Apionishev
320 Empire Boulevard
Apt. 6E
Brooklyn, NY 11225

**For Defendants:**

Arthur Malcolm Toback, Esq.
Toback, Hyman, Bernstein & Reiss, LLP
500 Fifth Avenue, Suite 1640
New York, NY 10110
(212) 869-2300